**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

MARK EDWARDS,

               Plaintiff(s),
           v.                                             DECISION & ORDER
                                                          07-CV-6343

C.O. SKELLY, C.O. ROBYCK, C.O.
ZWICKI, JOHN DOE, Dark Haired white
male, Sgt., NURSE WEAVER, P.A.,

               Defendant(s).

---

## Preliminary Statement

Currently pending before the Court is plaintiff's motion for sanctions. (Docket # 39). By Order of Judge David G. Larimer, dated October 23, 2007, all pretrial motions excluding dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 5). In his Complaint, plaintiff alleges that on July 23, 2006, while confined at the Southport Correctional Facility, he was assaulted by the defendant Corrections Officers. (Docket # 1). Plaintiff contends that he was "badly" injured as a result of the beating by defendants, but received "no real treatment" for the injuries he sustained. Plaintiff also alleges that the defendant Corrections Officers used racial slurs while they beat him. Finally, plaintiff alleges that he was retaliated against for filing a grievance against the defendants for the assault. See Docket # 1.

**Discussion**

On May 11, 2010, plaintiff filed the instant motion for sanctions. (Docket # 39). With the instant motion (Docket # 39), plaintiff asserts that defendants failed to comply with the Court's February 8, 2010 Order (Docket # 37), wherein the Court ordered that "upon production of [plaintiff's] medical records, defense counsel shall provide a complete copy of all records obtained to plaintiff without cost." Plaintiff maintains that he signed the medical release but was not provided with copies of his medical records. (Docket # 39). Plaintiff seeks unspecified sanctions against the defendants on grounds that they have acted with "deliberate defiance of this Court's Decision and Order – February 8, 2010." (Docket # 39).

In response, defense counsel avers that plaintiff's medical records were mailed to him on May 20, 2010. See Declaration of Emil J. Bove, Jr., Esq. (hereinafter "Bove Decl.") (Docket # 41) at ¶ 3. Defense counsel maintains that the defendants "never refused to provide plaintiff with a copy of his medical records," and they did not fail to comply with any Court ordered deadlines with respect to producing copies of plaintiff's medical records. Id. at ¶ 4.

A court, pursuant to its inherent powers, has the discretion to sanction conduct that it considers to be an abuse of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 42-

44 (1991); see also Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000). To impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" Murphy, 196 F.R.D. at 225 (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 326 (2d Cir. 1999)). The Supreme Court has noted that sanctions serve to "penalize those whose conduct may be deemed to warrant such a sanction, but [also] to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

Here, the Court does not find that defendants' delay in producing copies of plaintiff's medical records occurred in bad faith or was motivated by improper purposes and, therefore, declines to sanction defendants. Accordingly, plaintiff's motion for sanctions (Docket # 39) is **denied.**

Finally, it appearing that all the deadlines in the Court's Scheduling Order have expired, including the dispositive motion deadline, this case appears ready for trial. The parties are directed to appear for a telephone status conference with the undersigned on **January 31, 2011 at 11:00 a.m.**

## Conclusion

Plaintiff's motion for sanctions (Docket # 39) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   January 11, 2011
         Rochester, New York

4