# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MARK EDWARDS,

               Plaintiff,                        **DECISION AND ORDER**

        v.                             07-CV-6343

CRAIG SKELLY, et al.,

               Defendant(s).

---

## Preliminary Statement

This action stems from plaintiff's allegations that defendants violated his constitutional rights by using excessive force against him and by denying him medical treatment. (Docket # 1). Plaintiff also alleges that on July 23, 2006, he was severely beaten resulting in serious injuries. (Docket # 1). Currently pending before the Court is plaintiff's motion to compel. (Docket # 50).

## Discussion

Plaintiff seeks to compel the production of the following documents: (1) "Documents pertaining to claims of abuse investigations, harassment, etc. with regard to defendants C.O. Skelly, C.O. Zwicki, C.O. Robyck, and Sergeant Hannah"[1]; and (2) "Documents pertaining to each defendant listed above with regard to pending complaints of the nature of excessive or unnecessary forces." (Docket # 50). In response to plaintiff's motion,

---

[1] The Court notes that Sergeant Hannah is not a defendant to the instant action.

defense counsel asserts that plaintiff has not previously made any formal demands for the discovery he now seeks.  See Declaration of Benjamin A. Bruce, Esq. (hereinafter "Bruce Decl.") (Docket # 54) at ¶ 3.   Nonetheless, defense counsel included in defendants' opposition papers their responses to plaintiff's discovery requests.  Specifically, with respect to plaintiff's request for "documents pertaining to claims of abuse investigations, harassment, etc.," defendants object on grounds that the request is "ambiguous and overly broad and irrelevant" and assert that they "do not possess documents pertaining to claims of abuse investigations or harassment other than the documents attached as Exhibit A."  Id. at ¶ 12.  Defendants attached seven responsive documents as Exhibit "A."  See Exhibit "A" attached to Bruce Decl. With respect to plaintiff's request for documents pertaining "to pending complaints of the nature of excessive or unnecessary forces," defendants "object to the request as ambiguous and overly broad and irrelevant" and assert that "no documents responsive to this request are known to exist."  See Bruce Decl. at ¶ 13.

It is well settled that prior complaints made against a defendant, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the Complaint or are relevant to the defendant's truth or veracity.  See Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL

2338123, at *2 (D. Conn. June 4, 2008); <u>Cox v. McClellan</u>, 174
F.R.D. 32, 34 (W.D.N.Y. 1997).

Here, defense counsel has objected to plaintiff's demands as
being "ambiguous and overly broad and irrelevant," and, at the same
time, produced documents ostensibly in response to the disputed
demands.  While the Court appreciates counsel's efforts to
cooperate in discovery, it is difficult for the Court to determine
whether he has, in fact, produced the required documents.

Accordingly, and consistent with past practice in this Court,
defense counsel must (1) speak to his clients to ascertain whether
defendants have any personal recollection of a prior complaint or
grievance that may be responsive, and (2) review the defendants'
personnel files to determine whether any information contained
therein is responsive.  Responsive documents would be those
documents pertaining to previous allegations of excessive use of
force and denial of medical treatment and/or documents reflecting
adversely on the truth or veracity of the defendants.  The Court
directs that defense counsel file an affidavit with the Court
confirming that a good faith investigation has been conducted into
relevant prior complaints and disclosing the results of that
investigation.  If relevant documents are discovered but being
withheld from disclosure, counsel shall submit such documents to
the Court for *in camera* review.  Defendants shall produce the
documents set forth in this Order within **thirty (30) days** from
entry of this Order.

In all other respects, plaintiff's motion to compel (Docket # 50) is **denied**.

## Conclusion

Plaintiff's motion to compel (Docket # 50) is **granted in part and denied in part.**

**SO ORDERED.**

_____
        JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  March 26, 2012
Rochester, New York